On Motion to Dismiss.
Tbe opinion of tbe Court was delivered by
Poché, J.
Among other reasons urged for tbe dismissal of this appeal, is tbe following.
*540 That the appeal bond does not contain, in the body of the instrument, the namo of any party signing' the same as surety.
The bond reads that: “We, Richard Y. Hopkins, executor of Win. Creevy, as principal and as security, are firmly held and bound, etc.,” and is signed by Hopkins and by R. Loeliger.
Nothing in the instrument indicates in what capacity or for what purpose Loeliger affixed his signature to the instrument, and wo cannot assume that he intended to bind himself as security on the bond.
The contract of suretyship cannot bo presumed, but must bo distinctly alleged and clearly proven, to justify judgment against any one held as security. As a man binds himself, so must he be bound, and this instrument, considered in all its parts, fails to inform us, whether, or in what manner and capacity, Loeligor undertook to bind himself. The bond is, therefore, before us without surety, and it cannot be maintained as legal. 30 A. 1127.
Counsel on both sides refer to the decision rendered in the succession of L. W. Lyons, not reportod, but to be found in Opinion Book SO, page S70, and appellant’s attorneys urgently invoke that opinion as conclusive of the point, and as supporting their views of the legality and sufficiency of the bond in this case.
An inspection of that decision shows that the ground for the dismissal of the appeal was identical with the one now under consideration, but that the appeal was dismissed and not maintained, as suggested by appellant in his brief.
His counsel must, by inadvertance, have read the dissenting opinion of Judge DeBlane, and not that of the majority of the Court.
On the authority of that case, we conclude that the motion to dismiss must prevail.
It is, therefore, ordered that the appeal taken in this case be dismissed, at appellant’s costs.